ED POSEY, Appellant, v. SEE & PENCE COMPANY et al., Respondents.

(177 N. W. 671.)

**Vendor and purchaser — evidence held to show purchase of contract for sale in good faith without notice of claims.**

1. There are practically no questions presented in this case, except questions of fact.

See & Pence Company, by a written contract, sold to one *Gorthy* and one Nelson a certain 480-acre tract of land, described in the contract.

Subsequently, See & Pence Company deeded the land to John W. See, subject to the conditions of the contract. Gorthy sold his interest to Nelson, for $3,200, for which he took several promissory notes, due and payable at specific dates. He claims that Nelson, to secure the notes, assigned the contract to him, and that he assigned it to one Jones, as manager for the plaintiff, from whom Gorthy claims to have purchased other land. He claims that, in that condition, the assignment, exhibit "H," was deposited with the Stutsman County Bank; that thereafter the name Jones was erased, and the name Nelson was wrongfully and fraudulently inserted.

The trial court found as a fact that Gorthy, for a good and valuable consideration, assigned, transferred, and delivered, to Carl Nelson, said assignment, exhibit "H," and that said Carl Nelson, for valuable consideration, assigned, transferred, and delivered the same, by an instrument in writing, to Loran Nichols, who purchased the contract, in good faith, and without notice or knowledge of the rights or claims of any other party or parties therein.

It is *held*, the evidence sustains this finding of the trial court.

**Vendor and purchaser — purchaser of contract held to have properly received a deed from original vendor's grantee.**

2. Other facts and circumstances exist in the case, and are fully discussed in the opinion.

It is *held*, there is no reversible error of finding of fact, nor reversible error of law committed by the trial court.

**Vendor and purchaser — judgment against alleged assignee of contract held supported by evidence.**

3. It is *held*, that the judgment has substantial support in the evidence.

Opinion filed April 13, 1920.

Appeal from judgment of District Court of Stutsman County, Honorable *J. A. Coffey*, Judge.

Judgment affirmed.

*Sullivan & Sullivan*, for appellant.

See's recognition of the contract, that the contract was existent after the default, waived his right to forfeit or rescind the contract. 39 Cyc. 1394.

The failure of the vendor to restore or tender the purchaser what he

received thereunder voided the purported cancelation. 39 Cyc. 1376–1380.

Where persons purchasing real estate with the knowledge of third persons of an equitable lien thereon sufficient to put them on inquiry, they are not purchasers in good faith without notice. Trekking v. Momas (Neb.) 89 N. W. 1005.

*A. W. Aylmer* and *Thorpe & Chase,* for respondent.

Plaintiff failed to record his assignment, so that, if he really had any, it was not notice to anyone, having no actual notice. Marchall v. Farmers Bank, 47 Pac. 418.

Vendor is not required to regard assignment without notice thereof. 39 Cyc. 1676 (30).

Assignee takes only rights of assignor, whether as against the vendor or against the third persons, and he takes subject to any defense which might have been set up against his assignor. 39 Cyc. 1667 (41–42); 170 N. W. 345.

The vendor, having no notice of plaintiff's claim, was not required to pay any attention to him. Plaintiff was required to give the vendor actual notice. First Nat. Bank v. Big Bend Land Co. (N. D.) 164 N. W. 322.

It is not to be presumed that the purchaser had notice of an unrecorded assignment. (Wis.) 148 N. W. 871.

Plaintiff's assignment should have been recorded to give notice. Comp. Laws 1913, § 5594; Bailey State Bank v. Heinse (Iowa) 160 N. W. 903.

The burden of proof is on plaintiff to establish the disputed allegations of his complaint. 2 C. J. 1272 (14).

Presumption is that alteration, if any, was made before delivery. 2 C. J. 1275 (27); Cass County v. American Exch. Bank (N. D.) 83 N. W. 12.

A contract may be waived by abandonment by vendee and his rights thereby extinguished. Otto v. Freese (N. D.) 126 N. W. 502; Mahon v. Leich (N. D.) 90 N. W. 807; Wadge v. Kittleson (N. D.) 97 N. W. 856; Hollingreen v. Peite (Minn.) 52 N. W. 266.

Where the agent takes part in an illegal transaction, which is not connected with the principal's business, the law does not presume that he will communicate to the principal the knowledge so acquired. 2

C. J. 871 (15); 21 R. C. L. p. 843 (14); Houghton v. Todd, 78 N. W. 634.

Equity aids the vigilant, and not those who sleep on their rights. Abstract plaintiff's exhibit A; Russell v. Mester, 9 N. W. 420; Webster v. Brown (Mich.) 34 N. W. 676; Mahon v. Leech (N. D.) 90 N. W. 807; Wadge v. Kittleson (N. D.) 97 N. W. 859.

GRACE, J. A clear statement of the facts in this case will clearly present the legal questions in the case, and make a disposition of them a matter of no great difficulty.

On the 31st day of December, See & Pence Company, then owners of the north half and southwest quarter of section 21, township 144, range 63, excepting the right of way of the Minneapolis, St. Paul, & Sault Ste. Marie Railroad Company, entered into a written contract for sale of the same, with one Carl Nelson and A. J. Gorthy, who, at the time of the execution of the contract, paid $2,000 of the purchase price, which was $14,149.20. They thereafter paid a further sum of approximately $2,000, and also paid interest to December 31, 1911.

On or about the 6th day of September, 1911, See & Pence Company deeded the land to John W. See. That deed contained the following clause: "The land hereby conveyed is subject to the conditions of a certain contract, for the sale and purchase of the above-described land, made and executed on the 31st day of December, in the year 1910, by and between the See & Pence Company, a corporation, under the laws of the state of Minnesota, and A. J. Gorthy and Carl Nelson, of Courtenay, in the county of Stutsman and state of North Dakota; and it is hereby expressly understood and agreed that all obligations to be performed under the terms of said contract, by the said See & Pence Company, are assumed by the party of the second part hereto, as part of this transaction and sale."

This deed was recorded in the office of the register of deeds of Stutsman county, on the 7th day of September, 1911.

Subsequently, Nelson purchased the interest of Gorthy in the land for $3,200, and gave his notes, aggregating that amount, and the same are exhibits in this case, "A" to "F," inclusive.

It is claimed by the plaintiff that, to secure these notes, Nelson executed an assignment of the contract to A. J. Gorthy, who bought a

piece of land from plaintiff, who took these notes in as part payment, and that Gorthy assigned the contract, in writing, to Wm. Jones, as manager for this plaintiff.

It is claimed by plaintiff that Jones received that assignment, which is exhibit "H" in the case, at Courtenay, North Dakota, and that, at that time, the name of Carl Nelson was not in it.

Jones claimed to have placed this assignment in the custody of the Stutsman County Bank, of which Loran Nichols was cashier. The plaintiff, in effect, claims that after the assignment, exhibit "H," was placed in the Stutsman County Bank, the name of Jones was erased, and the name of Carl Nelson inserted therein. An inspection of the assignment, exhibit "H," shows that the name of Jones has been erased, and the name of Nelson inserted in place thereof.

The plaintiff further claims that Nichols, as cashier of the bank, was responsible to the owner of the assignment; that the Stutsman County Bank, through its agent, Nichols, is not a good-faith purchaser, and that neither is the present cashier of said bank, Harry S. Posey, whose name appears on several of the instruments, as a witness.

The assignment, exhibit "H," is dated March 26, 1912. On August 4, 1913, A. J. Gorthy gave another assignment of the same contract, to Carl M. Nelson. The proper execution and delivery of this assignment is in no way called in question.

On December 31, 1912, Carl M. Nelson and wife assigned the contract to Loran Nichols, by exhibit "M." On July 30, 1913, they made a new assignment of the contract, to Loran Nichols, by exhibit "3."

On May 18, 1914, John W. See deeded to Loran Nichols the north half and the southwest quarter of section 21, township 144, range 63. This deed was recorded June 4, 1914.

Loran Nichols and wife, by a mortgage dated March 14, 1914, mortgaged the north half of section 21 to the Union Mortgage Loan Company, for the sum of $1,087.60, which mortgage became due December 1, 1918, and was recorded on the 5th day of June, 1914. This mortgage was foreclosed, and the sheriff's certificate of sale was issued to the Union Mortgage Loan Company, and dated July 10, 1915, and duly recorded.

The sheriff's certificate of sale was finally assigned to Stutsman

County Bank, and the sheriff's deed was issued to it, on the 13th day of November, 1917, which was duly recorded.

On the 10th day of July, 1915, Loran Nichols and wife conveyed the north half of section 21, by deed, to the Stutsman County Bank, which deed was duly recorded.

The Stutsman County Bank, on the 1st day of April, 1918, by deed, conveyed the said north half of section 21, township 144, range 63, to Harry S. Posey, and the same was duly recorded.

On the 25th day of April, 1916, Stutsman County Bank, conveyed, by deed, all of the southwest quarter of section 21, township 144, range 63 lying north of the main line right of way of the Minneapolis, St. Paul, & Sault Ste. Marie Railroad Company, to one Peter Dahl. This deed was duly recorded; and the remainder of the southwest quarter above described was conveyed by the Stutsman County Bank to Anton Neva, by deed, which was duly recorded.

The record does not disclose a deed from Loran Nichols to the Stutsman County Bank, of the southwest quarter of section 21. The bank transferred this land to Peter Dahl and Anton Neva, as above stated. We think, however, on the whole record, that such transfers were valid, and that the bank had authority and right to make them.

By exhibit "K" Nichols and wife conveyed to Stutsman County Bank, the north half of section 21, township 144, range 63, and the east half of section 25, township 142, range 63. The latter tract is not involved in this action. The southwest quarter of section 21, above referred to, is not included in this deed.

A notice of cancelation of the contract, in due and legal form, dated January 6, 1913, and signed by John W. See, as owner, was personally served upon Carl Nelson and A. J. Gorthy.

A. W. Aylmer was acting as attorney for John W. See, in the cancelation proceedings. According to the testimony, he procured the notice of cancelation to be duly served on Gorthy and Nelson. At about the same time, Nichols wrote Aylmer and told him that he had an assignment of the contract, and asked Aylmer to take the matter up with See, and to learn whether he would approve the assignment. This, See did not do, but he did send a deed to Aylmer, for Nichols, which covered and described the three quarter sections of land in question, which deed was delivered to Nichols after he had procured another

assignment, exhibit "8," from Gorthy to Nelson, and a new assignment from Nelson and wife, to himself, and paid to See the balance of the purchase price.

The assignment of the contract, by Nelson to Nichols, and from Gorthy to Nelson, all having been made prior to the service of the notice of cancelation, if they are valid, it would seem the cancelation was superfluous, and of no great force nor effect, and we think, no further notice need be taken of it.

It is strenuously contended by plaintiff that the assignment exhibit "H" was executed by Gorthy to one Jones, for the plaintiff, or in his interest, and that Jones deposited the same in the Stutsman County Bank, and that thereafter the name of Jones was erased and the name Carl M. Nelson inserted.

While the instrument rather shows that the name of Jones was erased by someone, and the name of Nelson inserted, we think the evidence, as a whole, is insufficient to show that it was fraudulently done.

The finding of the trial court in this respect is as follows: "That on or about the 26th day of March, 1912, said A. J. Gorthy, for good and valuable consideration, assigned, transferred, and delivered to said Carl Nelson, by an instrument in writing dated on that day, all his right, title, and interest in and to said contract of purchase, and in and to said land, said assignment having been introduced in evidence herein, and marked plaintiff's exhibit 'H;' that on or about December 31, 1912, said Carl Nelson, for a good and valuable consideration, assigned, transferred, and delivered to Loran Nichols, by an instrument in writing dated on that day, all of his right, title, and interest in and to said contract of purchase, and in and to said land, such assignment having been introduced in evidence herein, and marked defendants' exhibit 'M & 1;' that said Loran Nichols purchased said contract, in good faith, and without notice or knowledge of the rights or claims of any other party or parties therein."

We think this finding of fact, by the trial court, is fairly sustained by the evidence. The trial court further found, as a fact, that Nichols went into possession of the land on the 31st day of December, 1912, and has ever since been in possession, paying taxes thereon, making improvements, and cultivating and farming the same, and without any notice of any rights or claims of any other person or persons; and that

on about the 4th day of June, 1914, Loran Nichols paid the balance due on said contract, to John W. See, and received from him a warranty deed to the lands described in the contract.

Before See deeded the land to Nichols, he required of him to procure a second assignment of the contract in writing, from A. J. Gorthy to Carl Nelson, and a new assignment from Carl Nelson to Loran Nichols.

The validity of the second assignmnt is in no mannr attacked, so far as its proper execution and delivery is concerned. If it should be claimed that Gorthy had nothing to assign at the date of the second assignment, exhibit "8," and if it be claimed that he, theretofore, had assigned his interest by exhibit "H," nevertheless the second assignment, by Gorthy to Carl Nelson, would tend to prove that his previous assignment, exhibit "H," was to Nelson, and not to Jones, and would have a tendency to sustain defendants' contention, that the assignment, exhibit "H," was to Nelson, and not to Jones.

The trial court, we think, correctly held that exhibit "H" assigned Gorthy's interest to Nelson, and Nelson assigned the entire contract to Nichols, and he properly received a warranty deed from See, for land described in exhibit "G," the contract for deed.

We think this disposes of all contentions in this case. It is hardly necessary to advert to the mortgage, against the north half of section 21 signed by Nichols, which was foreclosed by the Union Mortgage Loan Company. The record shows that this mortgage was foreclosed, and a sheriff's certificate of sale issued to the Union Mortgage Loan Company, which was assigned to the Stutsman County Bank, and it received a sheriff's deed thereon.

The mortgage foreclosure is in no manner successfully attacked, nor any facts set forth, which would show that the mortgage foreclosed was not a valid mortgage, nor anything to show why the sheriff's certificate of sale, and the deed issued thereon, should be set aside.

It must be held that the Stutsman County Bank acquired title to the half section of land referred to, by receiving the sheriff's deed.

In addition to all the foregoing facts, it appears the plaintiff, for approximately seven years after having received the alleged $3,200 in notes, and the alleged assignment, from Gorthy to Jones, has remained silent; he has taken no action of any kind to assert his right, if any he

had. So far as the record is concerned, there is no showing that he made any attempt to interfere with Gorthy's possession, or gave him or anyone else any notice that he claimed any interest in the land, or the contract. After such long delay, evidence to sustain his contention should be clear and convincing, and such is not in this record.

Such evidence as plaintiff offers is of a very doubtful character; and after the failure, for such a great length of time, to take any steps, of any kind or character, to protect his interests, if any he had, we think such evidence should be weighed in the light of all such circumstances, and, as thus weighed by the trial court and this court, it is held not to sustain the contention of plaintiff.

The appellant has assigned sixteen errors, a portion of which charges error in the trial court, in finding, or failing to find, certain facts to be true. The remainder are errors of law, claimed to have been committed by the trial court. We have examined each of the assigned errors with due care, and find no reversible error therein.

We are of the opinion that the findings of fact of the trial court, in this case, are justified by the evidence, and that the judgment should be affirmed.

It is affirmed. The defendants are entitled to their statutory costs and disbursements on appeal.

CHRISTIANSON, Ch. J., and ROBINSON and BIRDZELL, JJ., concur.

BRONSON, J. I concur in the result.